Koons *v.* Renninger et al., Appellants.

Argued November 10, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Samuel E. Bertolet,* for appellants.

*John B. Stevens,* and with him *Harry W. Lee* and *Charles H. Weidnes* of *Stevens and Lee,* for appellee.

OPINION BY LINN, J., January 30, 1931:
Plaintiff averred that he loaned to defendants 10 shares of stock of the Farmers National Bank to be used by them as collateral for a loan to be made by them and to be returned when the loan was repaid; that it had been paid but that defendants refused to return the stock; he claimed its value, alleged to be $1588.

In their affidavit of defense, defendants set up a complicated transaction involving a joint venture with plaintiff to purchase and dispose of 500 shares of the stock of the Farmers National Bank, denying the loan averred by plaintiff, and, in short, contending that defendants owned the stock which plaintiff alleged that they had borrowed and converted.

The questions,—who owned the 10 shares, and whether, as plaintiff contended, defendants had converted them, were clearly kept before jury during the taking of the evidence, and were submitted in a charge of which no complaint is made. The only assignment of error is to the refusal of defendants' motion for judgment n. o. v.

According to the evidence, the understandings of the parties diverged for the first time, in describing what occurred when they were required to take up a $30,-000 loan which had been secured by a pledge of 200

shares of bank stock. Plaintiff's account was that each agreed to borrow $15,000 pledging 100 shares of the stock as collateral, thus raising the $30,000 required to pay the loan; that defendants were unable to borrow $15,000 unless they pledged 110 shares instead of 100 shares of stock as collateral, and, to enable them to do that, he loaned them ten shares of his stock, which they accepted and pledged with 100 shares of their own. Defendant's account was that they received the 110 shares as a partial distribution of the 500 lot jointly held, and that the 10 shares in question were therefore not borrowed. The evidence centering about that dispute was for the jury, and, as we have said, was submitted in a charge satisfactory to both sides. Binding instructions would obviously have been wrong; no discussion of the evidence can make that any plainer; as no other complaint is made the judgment is affirmed.